IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRIJANA PEAK,<br><br>            Plaintiff,<br><br>vs.<br><br>JARED TAYLOR, Detective #2146;<br><br>            Defendant. | 8:23CV345<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Terrijana Peak ("Peak" or "Plaintiff") filed a Complaint, Filing No. 1, on August 7, 2023, and has been given leave to proceed in forma pauperis, Filing No. 5. Peak subsequently filed an Amended Complaint, Filing No. 7, on November 16, 2023,[1] and an Affidavit, Filing No. 8, on February 15, 2024. For purposes of this initial review, the Court considers the Amended Complaint and Affidavit as supplemental to the Complaint. *See* NECivR 15.1(b). Thus, Peak's operative pleading consists of the Complaint, Filing No. 1, the Amended Complaint, Filing No. 7, and her Affidavit, Filing No. 8 (collectively the "Complaint"). The Court now conducts an initial review of Peak's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Peak sues Omaha Police Department ("OPD") Detective Jared Taylor ("Taylor") in his individual capacity for damages arising out of an alleged unlawful search and seizure on July 28, 2023, at Plaintiff's home. Plaintiff attached to her Complaint a copy

---

[1] Peak's Amended Complaint was initially docketed as a complaint in a separate case, 8:23CV508. Filing No. 1, Case No. 8:23CV508. Upon review, the Court determined that the complaint was more properly construed as an amended or supplemental complaint intended for filing in this case and directed the Clerk of the Court to close Case No. 8:23CV508 and file the pleading as an amended complaint in this case. Filing No. 4, Case No. 8:23CV508.

of an "Omaha Police Department Citizen's Complaint Against Officer/Employee" form that provides the majority of the facts about the incident in question. Filing No. 1 at 2–8.[2]

On July 28, 2023, Taylor came to Peak's home and asked to come inside to speak to Peak about her daughter's death. Peak told Taylor that she really did not want him in her house, but Taylor "was forceful [and] intimidating [and] pushed his way in." Id. at 5. After gaining entry to the home, Taylor questioned Peak about an investigation unrelated to her daughter's death and told Peak that "his investigation showed it was her" who had allegedly "leaked out naked pictures of" an individual. Id. at 5–6. Peak denied knowing what Taylor was talking about.[3]

During this time, Peak's two young children and baby cousin were present. Peak also was on her cell phone with her mother, and Taylor "was screaming [at Peak], saying give me your phone." Id. at 6. Taylor then grabbed Peak's hand, trying to get the phone from her grip, and a struggle ensued in which Peak "was pulling back [and] twisting." Id. Taylor "threatened to arrest [Peak and] take her to jail if she didn't give him the phone." Id. During the struggle, Taylor stepped on Peak's feet, broke her toenail, broke her gold bracelet, and injured her middle finger, wrist, and shoulder, for which she later received medical attention and a splint for her finger and wrist. Id. at 6–7. Peak let go of the phone, and Taylor then attempted to hang up the phone and

---

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, in determining whether the Complaint states a plausible claim for relief, the Court considers the materials Peak attached to her Complaint. See Zayed v. Associated Bank, N.A., 779 F.3d 727, 732 (8th Cir. 2015).

[3] Liberally construed, Peak alleges in her Affidavit that the charge against her stemming from the investigation Taylor referred to, was dismissed on November 16, 2023. Filing No. 8.

2

walked to the front door. As he did so, Taylor said, "'I have your permission right' several times. [Peak] said, 'No, leave get out of my house, your [sic] dirty, you lied.'" Id.

As he was standing at the door, Taylor told Peak that he needed her to sign "the ticket" and that "she would be arrested if she didn't sign the ticket." Id. at 7. Peak signed for what she believed was a "ticket" and alleges "[s]he didn't know if she signed a Permission to Search form." Id. Peak attached an "Omaha Police Department Permission to Search Digital Media Device" form (hereinafter "Permission to Search Form") to her Amended Complaint dated July 28, 2023, which is signed by both Peak and Taylor and states that Peak voluntarily authorizes Taylor or any OPD employee to search the cell phone listed on the form. Filing No. 7 at 4.

Peak alleges Taylor kept her cellphone, which contained pictures of her deceased baby, for almost six months, and she was required to buy a new cellphone as well as pay to repair her broken bracelet. Id. at 1–2. Peak seeks $500,000 in damages for the injuries she alleges Taylor caused.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase

*Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construed, Peak asserts claims of unlawful search and seizure and excessive force in violation of her Fourth Amendment rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

4

*West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons that follow, the Court concludes Peak has stated plausible Fourth Amendment claims against Taylor.

**A. Unlawful Search and Seizure**

Peak claims that Taylor unlawfully, and without a warrant, entered her home and seized her cell phone. The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A § 1983 claim based on the Fourth Amendment requires a plaintiff to demonstrate that a search or seizure occurred, and the search or seizure was unreasonable. *Clark v. Clark*, 926 F.3d 972, 977 (8th Cir. 2019). "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *United States v. Vore*, 743 F.3d 1175, 1179 (8th Cir. 2014) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).

In the Eighth Circuit, a plaintiff has the burden of proof in a civil rights action claiming a Fourth Amendment violation for a warrantless search or entry. *Der v. Connolly*, 666 F.3d 1120, 1127–28 (8th Cir. 2012). However, the defendant has the burden of producing evidence that an exception to the warrant requirement applies.

> As the Seventh Circuit explained, "[e]ven if a presumption of unreasonableness arises from the fact of a warrantless search [or entry], that does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion.'" *Valance* [*v. Wisel*, 110 F.3d 1269, 1279 (7th Cir. 1997)] (quoting Fed. R. Evid. 301). Instead, such "presumption merely serves to impose on the defendant 'the burden of going forward with evidence to meet or rebut the presumption.'" *Id*. (quoting Fed. R. Evid. 301). A defendant may satisfy this burden of production by "produc[ing] evidence of consent or of some other recognized exception to the warrant requirement." *Id*. at 1278. "Yet once the defendant has done

5

> so, 'the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.'"
> *Id*. (quoting *Ruggiero* [*v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. 1991))].

*Id*. at 1128.  "A plaintiff claiming that her Fourth Amendment rights were violated by a warrantless [search or] entry need not plead facts affirmatively showing the absence of any exception to the warrant requirement, because the absence of such an exception is not a part of the plaintiff's prima facie case."  *Payne v. Galie*, 574 F. App'x 26, 27 (2d Cir. 2014) (citing *Ruggiero*, 928 F.2d at 563).

Here, Peak alleges Taylor forced his way into her home under false pretenses on July 28, 2023, and seized her cell phone by force without a warrant.  While the Permission to Search Form attached to Peak's Complaint raises the question whether Peak consented to any search of her phone, Peak's factual allegations also suggest that Peak did not knowingly or voluntarily sign the Permission to Search Form.  Thus, the facts alleged in the Complaint do not clearly show that an exception to the warrant requirement applies.  Peak has therefore alleged a plausible Fourth Amendment unlawful search and seizure claim against Taylor.

**B.  Excessive Force**

Peak also claims that Taylor used excessive force in seizing her cell phone.  "An excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment."  *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted).  To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that she

6

was "seized"[4] within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

"Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [she] is actively resisting arrest or attempting to evade arrest by flight.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court may also consider the result of the force. *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009). "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Wilson*, 901 F.3d at 989 (citing *Smith*, 586 F.3d at 581).

Nothing in the Complaint suggests Peak presented an immediate threat to the safety of Taylor or others nor is there any indication Peak failed to comply with any of Taylor's requests before he exercised force. Rather, Peak alleges Taylor screamed at her, demanding her cell phone while she was using it, and proceeded to grab Peak's

---

[4] To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[ ] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id*. (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

hand to obtain the cell phone. In the struggle between Peak and Taylor for the cell phone, Peak sustained physical injuries. Based on the allegations of Peak's Complaint, the Court concludes she has stated an excessive force claim against Taylor, and such claim will proceed to service of process against him in his individual capacity.

## IV. CONCLUSION

Liberally construed, Peak's Complaint alleges plausible Fourth Amendment unlawful search and seizure and excessive force claims against Taylor in his individual capacity. However, the Court cautions Peak that this is only a preliminary determination based solely on the allegations in the Complaint. This is not a determination of the merits of Peak's claims or potential defenses thereto. This matter will proceed to service of process on Peak's § 1983 claims as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint, Filing No. 1; Filing No. 7; Filing No. 8, states plausible Fourth Amendment claims against Defendant Jared Taylor in his individual capacity, and this matter shall proceed to service of process.

2. For service of process on Defendant Jared Taylor, #2146, in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for Defendant using the address "Omaha Police Department, 505 S. 15th St., Omaha, Nebraska 68102" and forward them together with a copy of the Complaint, Filing No. 1, its supplements, Filing No. 7; Filing No. 8, and a copy of this Memorandum and Order to the United States Marshals Service. The Marshals Service shall serve Defendant Jared Taylor, #2146, at Omaha Police Department, 505 S. 15th St., Omaha, Nebraska 68102 by certified mail or by using any of the other following authorized

methods: personal, residence, or designated delivery service.  See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

3.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[5]

4.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

5.  Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6.  The Clerk of Court is directed to set a case management deadline in this case with the following text: **August 6, 2024**: service of process to be completed.

7.  The Clerk of Court is directed to update the docket text for Filing No. 7 and Filing No. 8 to identify the filings as "SUPPLEMENTAL AMENDED COMPLAINT" and "SUPPLEMENTAL AFFIDAVIT," respectively.

8.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal.

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  Wright v. First Student, Inc., 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  See Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

9. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 8th day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge