IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRIJANA PEAK, | |
| Plaintiff, | 8:23CV345 |
| vs. | |
| JARED TAYLOR, Detective #2146; | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on its Order to Show Cause, Filing No. 44, and Defendant's Motion for an Extension of Time to File Motion for Summary Judgment. Filing No. 40. For the reasons set forth herein, the show cause order is dissolved, and Defendant's motion is granted.

    Plaintiff is proceeding pro se. She failed to appear for two status conferences. Filing No. 38; Filing No. 42. She also failed to file a certificate of service indicating she complied with the Court's order to respond to Defendant's interrogatories, requests for production of documents, and requests for admission by June 12, 2025. Filing No. 32 (granting Defendant's motion to compel); Filing No. 35 (audio recording of teleconference extending deadline for Plaintiff to respond); Filing No. 36 (minute entry). Accordingly, the Court entered an Order directing Plaintiff to show cause by August 20, 2025 why it should not dismiss her claims for want of prosecution. Filing No. 44.

    Plaintiff timely responded. Filing No. 45; Filing No. 46. In relevant part, she asks the Court order Defendant to re-serve his interrogatories and to respond to discovery requests she includes in her filings. Plaintiff also asserts she is disabled and has undergone two hand surgeries. She did not provide any further details. For instance, she

1

does not articulate when she underwent surgery or explain why these facts affect her ability to prosecute this case.

Plaintiff's timely response satisfies the Order to Show Cause. Notably, Defendant has not moved for sanctions and Plaintiff has now re-appeared in this case. Accordingly, the Court is giving Plaintiff a final chance.

The Court will re-set the status conference. Plaintiff is explicitly ordered to appear for every hearing (including status conferences) set in this case from this point forward. If Plaintiff is unable to appear, she is ordered to file a motion for a continuance explaining why she cannot appear. Failure to appear at another hearing may result in the dismissal of Plaintiff's claims without further notice.

Additionally, on or before September 4, 2025, Plaintiff is ordered to file a certificate of service in compliance with the local rules indicating she served responses to Defendant's discovery requests as previously ordered by the Court. *See* NECivR 33.1(e); 34.1(b); 36.1(c). These discovery requests, including Defendant's interrogatories, are located on the docket at Filing No. 31-1. Although the Court is not obligated to do so, it attaches the document located at Filing No. 31-1 to this Order.[1] Accordingly, the Court will not order Defendant to re-serve his interrogatories on Plaintiff. If Plaintiff fails to file a certificate of service in compliance with the local rules, the Court may dismiss her claims without further notice.

Finally, Plaintiff's motion is denied to the extent she is moving to compel Defendant to respond to discovery. The motion to compel deadline expired March 3, 2025, Filing No. 23, and Plaintiff did not show good cause to reopen this deadline. *See* Fed. R. Civ. Proc. 16(b)(4). Moreover, assuming Plaintiff timely served these requests on Defendant,[2] there is no indication Plaintiff attempted to meet and confer with Defendant's attorney prior to filing this motion. *See* NECivR 7.1(j). Nor did Plaintiff contact the undersigned's chambers

---

[1] Filing No. 31-1 is the evidence Defendant submitted in support of his motion to compel. It includes the discovery requests at issue as well as an affidavit from Defendant's attorney.

[2] The written discovery deadline expired February 18, 2025. Filing No. 23.

to set a discovery dispute conference prior to filing the motion as set forth in the Court's progression orders.[3] Filing No. 19; Filing No. 23.

The Court next turns to Defendant's motion to extend the dispositive motions deadline. Filing No. 40. Defendant moves to extend the dispositive motions deadline by sixty days due to the outstanding discovery requests. The current dispositive motions deadline is August 1, 2025. Filing No. 37. The Court previously stayed this deadline pending a ruling on Defendant's motion to extend. Filing No. 41. Plaintiff did not file an opposition in response. For good cause shown, Defendant's motion is now granted. *See* Fed. R. Civ. Proc. 16(b)(4).

For judicial efficiency, given the outstanding discovery requests, the deadline for filing motions to dismiss and motions for summary judgment is sixty (60) days after Plaintiff files a certificate of service indicating she responded to the discovery as previously ordered.

Accordingly,

IT IS ORDERED:

1) The Order to Show Cause, Filing No. 44, is dissolved.
    a. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **September 9, 2025** at **1:00 p.m.** by telephone. Plaintiff and counsel for Defendant shall use the conferencing instructions assigned to this case at Filing No. 20 to participate in the conference. Failure to appear for this status conference or any other hearing set in this case may result in the dismissal of Plaintiff's claims without further notice.
    b. On or before **September 4, 2025**, Plaintiff is ordered to file a certificate of service in compliance with the local rules indicating she served responses to Defendant's discovery requests as previously

---

[3] Plaintiff is again reminded to follow the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Filing No. 19.

3

      ordered by the Court. Failure to timely file this certificate of service may result in dismissal of her claims without further notice.

2) Defendant's Motion for an Extension of Time to File Motion for Summary Judgment, Filing No. 40, is granted.

    a. The deadline for filing motions to dismiss and motions for summary judgment is sixty (60) days after Plaintiff files a certificate of service in compliance with paragraph 1(b) above.

    b. All other deadlines and provisions in the Court's prior final progression orders not amended herein remain unchanged.

Dated this 22nd day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge